UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK MOSCARDELLI and MARLENE MOSCARDELLI, husband and wife, and MARLENE MOSCARDELLI as Attorney-in-Fact for FRANK MOSCARDELLI, | Case No. 1:08-cv-30 |
| Plaintiffs, | HONORABLE PAUL MALONEY |
| v. | |
| MICHIGAN LABORERS HEALTH CARE FUND, BLUE CROSS BLUE SHIELD OF MICHIGAN as administrators of MICHIGAN LABORERS HEALTH CARE FUND, and AMERICAN ALTERNATIVE INSURANCE CORPORATION, jointly and severally, | |
| Defendants. | |

**Opinion and Order**

**Granting the Plaintiffs' Unopposed Motion to Remand the Case to State Court
for Lack of Subject-Matter Jurisdiction**

On May 31, 2007, Frank Moscardelli was injured while riding in a Care–a-Van vehicle that was insured by American Alternative Insurance Corporation ("AAIC"). On that date, Moscardelli and his wife Marlene (collectively "Moscardelli") held a healthcare insurance policy issued by the Michigan Laborers Health Care Fund ("the Fund"), which is administered by Blue Cross Blue Shield of Michigan ("Blue Cross"). *See* Am. Comp. ¶¶ 6-8. Moscardelli was hospitalized as a result of the injuries. Am. Comp. ¶ 13. Moscardelli alleges that although he submitted reasonable proof

of the health-care and attendant-care expenses he incurred as a result of said injuries, Blue Cross and AAIC both refused to pay and have continued to refuse to pay for those expenses. Am. Comp. ¶ 9. According to Moscardelli, each of the defendants contends that the other defendant is solely responsible for paying his costs. Am. Comp. ¶¶ 10-12.

Moscardelli brought suit in the Trial Court of Berrien County, Michigan against AAIC and against Blue Cross in its role as administrator of the Fund, seeking an injunction requiring them to pay expenses already incurred and a declaration of their continuing liability for future expenses attributable to these injuries. Am. Comp. ¶ 6 and Prayer for Relief. The case was assigned to the Honorable Lynda A. Tolen. On October 23, 2007, Moscardelli amended the complaint. It is unclear from the present record when Moscardelli served Blue Cross and AAIC with the amended complaint.

By notice dated January 9 and filed January 10, 2008, the Fund removed the case to this court, contending that Moscardelli's complaint raised a federal question because it necessarily implicated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On January 15, 2008, the Fund filed an answer to the amended complaint in this court. To date, AAIC has not filed an answer or motion in response to the amended complaint.

On February 11, 2008, Moscardelli and the Fund jointly filed a stipulation proposing that Moscardelli's claims against the Fund be dismissed without prejudice and without costs. By order issued February 12, 2008, the Honorable Robert Holmes Bell, Chief Judge, adopted the stipulation and dismissed the Fund from the case without prejudice.[1]

---

[1] By administrative order issued March 6, 2008, this case was reassigned from Chief Judge Bell to this Judge.

On February 19, 2008, Moscardelli moved to remand this case to the Second Judicial Circuit Court of Berrien County. Moscardelli contends that due to the dismissal of defendant Michigan Laborers Healthcare Fund, "[t]here is no longer a federal question under ERISA and therefore [the state court's jurisdiction over] this action is not preempted . . . ." Mot. to Remand at 2 ¶ 4.

Because a motion to remand is a nondispositive motion, defendant AAIC had fourteen days to respond to Moscardelli's motion. *See* W.D. MICH. L.CIV.R. 7.3(c). About twenty-five days have elapsed since Moscardelli filed the motion to remand, and AAIC has neither responded to the motion nor moved for an extension of time in which to do so.[2]

No Federal-Question Jurisdiction

Removal jurisdiction is predicated on this court's original subject-matter jurisdiction, 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . ."), and defects in subject-matter jurisdiction may be raised at any time in the proceedings. *See Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 n.4 (6th Cir. 2008) (McKeague, J.) ("'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'") (quoting 28 U.S.C. § 1447(c)).

Even assuming *arguendo* that the case was properly removed on the basis of a federal

---

[2]

Under this court's rules, a motion to remand is not a dispositive motion:

Dispositive motions are motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim on which relief can be granted, to involuntarily dismiss an action, and other dispositive motions as defined by law.

W.D. MICH. L.CIV.R. 7.2(a). "Nondispositive motions are all motions not specifically listed in LCivR 7.2." W.D. MICH. L.CIV.R. 7.3(a).

question, the deletion of the federal question makes remand appropriate and necessary now if there is no other established basis for subject-matter jurisdiction. *See Blackburn*, 511 F.3d at 637 ("'[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand.'") (quoting *Powerex Corp v. Reliant Energy Servs., Inc.*, – U.S. –, –, 127 S.Ct. 2411, 2417 (2007) (Scalia, J.)); *see, e.g., Roberts v. A & S Bldg. Sys., LP*, No. 3:07-cv-413, 2008 WL 220627, *2 (E.D. Tenn. Jan. 25, 2008) ("[I]t is the obligation of this court to consider whether subject-matter jurisdiction exists, even though the court already determined that removal was proper. If this court finds in favor of plaintiff that there is now no proper grounds for subject-matter jurisdiction, § 1447(c) therefore requires remand.") (due to plaintiff's post-removal stipulation that she would not seek more than $75,000 in total damages, the amount in controversy for diversity jurisdiction was no longer satisfied, and remand was necessary).

<u>Complete Diversity of Citizenship is Required</u>

Without the ERISA issue, there is no federal claim or apparent federal question raised by the Moscardellis' amended complaint. The only other possible basis for subject-matter jurisdiction is diversity of citizenship. Title 28 U.S.C. § 1332 authorizes district courts to exercise diversity jurisdiction only when there is *complete* diversity of citizenship. *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 678 (W.D. Mich. 2007) (Maloney, J.) (citing *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))). Complete diversity exists only when no plaintiff and no defendant are citizens of the same state. *Wolf*, 519 F. Supp.2d at 678 (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999))).

Neither Party Has Established the Moscardellis' Citizenship

The complaint alleges only that the Moscardellis are "residents" of Berrien County, Michigan, Am. Comp. ¶ 1; it does not specify their state of citizenship.  An allegation of residency is insufficient for diversity, because a natural person is not necessarily a citizen of the state where he resides.  *See Sun Printing & Pub. Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) (an averment that defendant was a resident of Delaware "would not necessarily have imported that [he] was a citizen of Delaware"); *Horattas v. Citigroup Fin. Markets, Inc.*, No. 1:07-cv-122, – F. Supp.2d –, – n.2, 2007 WL 2702704, *1 n.2 (W.D. Mich. Sept. 12, 2007) (Maloney, J.) (quoting *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) ("To establish the 'citizenship' required for diversity jurisdiction, Deasy must show more than mere Tennessee residence.  He must show that Tennessee is his domicile.  To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.")).[3]

Neither Party Has Established AAIC's Citizenship

As for the remaining defendant, AAIC, an American corporation is deemed to be a citizen both of any state where it is incorporated and the state where it maintains its principal place of business.  *Wolf*, 519 F. Supp.2d at 678 (citing 28 U.S.C. § 1332(c)(1)).  The Moscardellis' complaint alleges only that AAIC is " a corporation licensed to do business in Berrien County, Michigan," Am. Comp. ¶ 3.  It does not specify where AAIC is incorporated or maintains its principal place of business. *See Am. Motorists Ins. Co. v. Am. Employers Ins. Co.*, 600 F.2d 15, 16

---

[3]

*Panter v. Int'l Healthcare Props. IX, LP*, No. 06-cv-12014, 2006 WL 1522016, *1 n.1 (E.D. Mich. May 30, 2006) ("An individual, however, is not necessarily a citizen of the place in which he or she resides.") (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

(6th Cir. 1979) (for diversity purposes, it was not enough for the complaint to assert that defendant corporation was "licensed to do business and doing business in Louisiana"), *cited by Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 n.30 (6th Cir. 2004); *accord Vays v. Ryder Truck Rental, Inc.*, 240 F. Supp.2d 263, 265 (S.D.N.Y. 2002) ("[I]t is not sufficient to allege that a corporation is licensed to do business in a state, or that it does business in a state.") (citation omitted).[4]

Under our Circuit's total-activities test, "'[t]he question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'" *Century Business Servs., Inc. v. Bryant*, 69 F. App'x 306, 313 (6th Cir. 2003)) (quoting *Gafford v. GE Co.*, 997 F.2d 150, 161 (6th Cir. 1993)); *see, e.g., Collins v. Louisville Ladder, Inc.*, 2007 WL 1973551 (E.D. Ky. July 3, 2007) (applying "total activities" test).

Under the total activities test, a corporation's principal place of business is not necessarily the state where it has its main administrative or executive offices or other nominal "headquarters." *See Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 342 (6th Cir. 1976) (a corporation's headquarters

---

[4]

*Cf. Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (allegation that corporation has "an office" in New York was insufficient to establish that New York was its principal place of business));

*Barlow v. K.L. Harring Transp.*, No. 06-cv-14313, 2006 WL 3104705, *1 (E.D. Mich. Oct. 31, 2006) ("A document listing a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or its principal place of business. . . .") (citing *Johnson v. Pharmacia & Upjohn Co.*, No. 4:99-cv-96, 1999 WL 1005653, *4 (W.D. Mich. Oct. 12, 1999) (Quist, J.));

*Smith v. Intex Recreation Corp.*, 755 F. Supp. 712 (M.D. La. 1991) (allegation that corporation was a California corporation having business at a particular address in California was not sufficient to establish citizenship for purpose of diversity), *aff'd w/o op.*, No. 93-03232, 15 F.3d 180, 1994 WL 24927 (5th Cir. Jan. 7, 1994).

"does not invariably govern the location of its principal place of business"); *see, e.g., Teal Energy USA*, 369 F.3d at 876-78 (district court did not clearly err in finding that corporation's principal place of business was Texas, where almost all of its oil and gas development revenue was earned at the time the complaint was filed, rather than in Canada, where its headquarters was located).

Thus, the complaint must specifically allege the state in which it believes AAIC maintains its principal place of business, and provide facts to support that allegation. The Moscardellis' amended complaint does not do either of these things. *Cf. Sinclair v. Bankers Trust Co. of Calif, N.A.*, 2005 WL 3434827, *2 n.1 (W.D. Mich. Dec. 13, 2005) (Quist, J.) ("In her complaint, Sinclair alleges that . . . she is a citizen of Michigan and that Bankers Trust is a California corporation. She does not allege that Bankers Trust's principal place of business is not in Michigan. If Bankers' Trust's principal place of business was in Michigan, then diversity of citizenship would not exist.").

On this record, the court cannot rule out the possibility that AAIC is a citizen of the same state as the Moscardellis, and the court cannot simply infer or assume that it is not. *See Brown v. Keene*, 33 U.S. 112, 115 (1834) (an "averment of jurisdiction shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments."); *Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 182 (E.D. Tenn. 1976) ("[A]llegations of the citizenships of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.") (citations omitted).[5] In short, neither party has established the existence of federal jurisdiction – indeed, the Moscardellis

---

[5]*Accord Royal Ins. Co. of Am. v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("Allegations of complete diversity must be apparent from the pleadings.") (citing FED. R. CIV. P. 8(a)(1) and *John Birch Society v. NBC*, 377 F.2d 194, 197-99 (2d Cir. 1967)).

do not seek to invoke this court's jurisdiction – so the case is not properly before this court.[6]

## ORDER

The plaintiffs' motion to remand this case to state court (document #11) is **GRANTED**.

This case is **REMANDED** to the Second Judicial Circuit Court of Berrien County, Michigan pursuant to 28 U.S.C. § 1447(c) due to lack of subject-matter jurisdiction.[7]

This case is **TERMINATED**.

This is a final order, but it is **not** appealable. *See Blackburn*, 511 F.3d 633 (an order remanding a case to state court due to a colorable conclusion that there is no subject-matter

---

[6]

*Cf. Cooper v. Cianfrocca*, 2001 WL 640808 (S.D.N.Y. June 7, 2001) ("The complaint is dismissed sua sponte for failure to allege facts sufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332 requires that the parties be of diverse citizenship, not residence. Plaintiffs may file an amended complaint sufficiently alleging jurisdiction . . . on or before . . . .");

*Levering & Garrigues Co. v. Morrin*, 61 F.2d 115, 121 (2d Cir.1932) (where plaintiff adequately alleged citizenship of individual defendants but not citizenship of defendant labor unions, the Court of Appeals reversed the grant of an injunction and remanded to the district court "with directions to dismiss the complaint without prejudice, for lack of jurisdiction, unless the plaintiffs shall amend to correct the jurisdictional defect."), *aff'd o.g.*, 289 U.S. 103 (1933);

*Carnegie, Phipps & Co. v. Hulbert*, 53 F. 10, 11 (8th Cir. 1892) (where complaint failed to allege citizenship of members of unincorporated-partnership, Court of Appeals reversed judgment in favor of defendants "for want of jurisdiction" and remanded case to district court "with directions to that court to dismiss it unless the plaintiff shall amend its complaint to show jurisdiction").

[7]

Alternatively, even if the record established diversity jurisdiction, this court would exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over the Moscardellis' remaining claims, which sound only in state law. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) "[A] federal court that has dismissed a plaintiff's federal-law claim should not ordinarily reach the plaintiff's state-law claims.") (citing 28 U.S.C. § 1367(c)(3) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")).

jurisdiction, is not appealable, and under Supreme Court's 2007 *Powerex* decision this rule applies whether subject-matter jurisdiction was lacking at the time of removal or became lacking at some time after removal); *Dunch v. Nat'l Union Fire Ins. Co. of Pa.*, 43 F. App'x 918, 920 (6th Cir. 2002) (28 U.S.C. § "1447(d) 'prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ.'") (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976)); *Sweeney v. Nat'l Union Fire Ins. Co.*, 38 F. App'x 296, 297 (6th Cir. 2002) ("§ 1447(d) bars review of remand orders to state courts when the order 'fall[s] into either category of remand order described in § 1447(c) . . . lack of subject-matter jurisdiction or defects in removal procedure.'") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).

**IT IS SO ORDERED this 19th day of March 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
United States District Judge